(No. 2921—

NORMAN B. PITCAIRN AND FRANK C. NICODEMUS, JR., RECEIVERS OF WABASH RAILWAY COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

N. S. BROWN and L. H. STRASSER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

During the year 1934 the Division of Highways of the respondent entered upon a project for the widening of S. B. I. Route 16 (Union Street) in the City of Litchfield, in Montgomery County, at the point of intersection of said S. B. I.

Route 16 with the right-of-way of the Wabash Railway Company. Such project contemplated the widening of such highway from twenty-four feet to thirty-six feet.

In carrying out the details of said project and to make it effective, it became and was necessary to change the location of certain electric signals then being maintained and operated by claimants at said grade crossing. At the request of said Division of Highways, the claimants agreed to furnish the necessary materials and labor and to make the necessary changes in the location of said signals but at the sole cost and expense of the State of Illinois, which cost and expense the said Division of Highways on behalf of the respondent agreed to assume and pay. The work in question was completed by claimants to the entire satisfaction and approval of the Division of Highways, and a bill for the actual cost of said work and materials, to wit, $341.81, was duly presented to the Division of Highways on September 25th, 1935. The Division of Highways found the bill to be correct in every particular, but the claim was not paid on account of the fact that the appropriation out of which payment should have been made had lapsed prior to the time the bill was presented.

It is admitted by the Division of Highways that the materials were furnished and services rendered by the claimants, in accordance with the aforementioned agreement, and no objection is made to the prices charged therefor.

The claim was presented within a reasonable time, and no reason is suggested why the claim should not be paid.

Where services have been rendered or supplies furnished to the State, and payment therefor has been refused solely on account of the lapse of the appropriation out of which payment should have been made, and where the amount of the claim is not questioned, an award will be made for the amount due for such services and supplies. *Journal Printing Co.* vs. *State*, 8 C. C. R. 673; *Schreiber Lumber Co.* vs. *State*, 8 C. C. R. 381; *Rock Island Sand and Gravel Co.* vs. *State*, 8 C. C. R. 165.

Award is therefore entered in favor of the claimant for the amount of its claim, to wit, Three Hundred Forty-One Dollars and Eighty-One Cents ($341.81.)

This award being for materials and labor furnished for the improvement of a State Bond Issue Route, payment should be made from the Road Fund.